Wan v. Holder

BIA
Lamb, IJ
A099 990 655

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand thirteen.

PRESENT:
　　　ROBERT A. KATZMANN,
　　　REENA RAGGI,
　　　GERARD E. LYNCH,
　　　　　*Circuit Judges.*

_____

GUOPING WAN, AKA GUO PING WAN, AKA SHIFENG WANG,
　　　*Petitioner*,

　　　　v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
　　　*Respondent*.

_____

11-2470
NAC

FOR PETITIONER:　　　Dehai Zhang, Flushing, N.Y.

FOR RESPONDENT:　　　Tony West, Assistant Attorney General; Stephen J. Flynn, Assistant Director; Imran R. Zaidi, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Guoping Wan, a native and citizen of the People's Republic of China, seeks review of a May 31, 2011, decision of the BIA affirming the January 6, 2009, decision of Immigration Judge ("IJ") Elizabeth A. Lamb pretermitting his asylum application and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Guoping Wan*, No. A099 990 655 (B.I.A. May 31, 2011), *aff'g* No. A099 990 655 (Immig. Ct. N.Y. City Jan. 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the decision of the IJ as modified and supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

## I.    Asylum

As a preliminary matter, Wan concedes that this Court lacks jurisdiction to review the pretermission of his asylum application unless he raises a colorable constitutional claim or question of law.  *See* 8 U.S.C. § 1252(a)(2)(C),(D). Wan argues that the IJ applied an incorrect legal standard in finding that his I-140 Petition and his fear of filing an asylum application under his true name did not constitute extraordinary circumstances excusing the untimely filing of his application.  While his challenge raises a question of law, his argument lacks merit.

Although Wan filed an I-140 Petition within the one-year filing deadline, the approval of that petition did not confer any lawful status, both because the approval was later revoked due to Wan's fraudulent representations and because an approved visa petition only indicates visa availability, not a lawful immigrant status.  *See* 8 U.S.C. §§ 1155, 1255(a)(1).  The agency therefore correctly determined that Wan did not maintain lawful nonimmigrant or immigrant status excusing his delay in filing.  8 C.F.R. § 1208.4(a)(5)(iv) (listing as an extraordinary circumstance the maintenance of a *lawful* nonimmigrant or immigrant status).

3

Even assuming that Wan's reliance on the I-140 Petition approval in delaying the filing of his asylum application constituted an extraordinary circumstance, his nine-month delay in filing the application after the revocation of his I-140 Petition - regardless of his *intention* to file that application earlier - was presumptively not reasonable. *See* 8 C.F.R. § 1208.4(a)(5) (providing that an extraordinary circumstance may excuse a late filing *if* the application was filed within a reasonable time thereafter); *Singh v. Holder*, 656 F.3d 1047, 1056 (2d Cir. 2011) (noting that a delay of six months or longer is presumptively unreasonable).

The agency therefore did not err in pretermitting his asylum application. *See* 8 U.S.C. § 1158(a)(2).

## II. Withholding of Removal and CAT Relief

Wan argues that he established past persecution and a well-founded fear of persecution on account of his political opinion by demonstrating that, based on false allegations of corruption, Chinese authorities arrested, detained and beat him in order to elicit a confession that he accepted bribes. Wan testified that a Communist Party official made the false allegations in retaliation for Wan's refusal to buy inferior goods from factories belonging to the official's relatives

4

and friends.  Accordingly, the IJ reasonably found that Wan was not harmed on account of his political opinion or any other protected ground, but instead because of his refusal to buy the poor quality goods.  *Cf.  I.N.S. v.  Elias Zacarias*, 502 U.S. 478, 482 (1992) (noting that a petitioner who refused to join guerrillas may have done so for a variety of non-protected reasons).

Wan also contends that his relocation to another province in China did not bar him from eligibility for relief because he was "like a fugitive" in his own country. However, the regulations do not require that Wan prefer the new province to which he would relocate, but rather that he "could avoid a future threat to his . . . life or freedom by relocating . . . ."  8 C.F.R. § 208.16(b)(1)(B).  Because Wan worked unharmed in the Jiangsu province as a general engineer for three years, the IJ reasonably determined that he was ineligible for withholding of removal because he had safely relocated within China.  *See id.*  Given Wan's ability to safely relocate within China, the agency did not err in also denying CAT relief.  *See* 8 C.F.R. § 1208.16(c)(3)(ii) (providing that an applicant's ability to safely relocate within his or her country may be assessed in determining the likelihood of torture).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6